## KAHANU vs. WM. THOMPSON.

When a minor purchases land, he must make his election within a reasonable time after reaching his majority whether he will keep the land and pay for it, or disaffirm the contract and return the land. He cannot keep the estate and refuse to pay the consideration money.

This was an action by a mother against her son, to recover the

sum of $270, and interest, upon the allegation that she, her son, a daughter and other relatives purchased a piece of land in common in 1853, she contributing towards the payment thereof the sum of $270; which land was bought in the name of her son the defendant, and had been in the common possession of the purchasers until February last, when the defendant claimed the land as belonging exclusively to him, and drove off the plaintiff.

The defendant denied the plaintiff's allegation in toto, claiming that he paid the purchase money without any aid from his mother, except a contribution of $25, which sum he had repaid, and that no one but himself had a claim in the land.   He further contended that provided his mother had advanced him the money for the purchase of the land, he was a minor at the time, and could not be held responsible for its repayment.

There was much contradictory evidence introduced to prove who paid for the land, &c., and the case occupied the court for two days.

CHIEF JUSTICE LEE, charged the jury, that if they found that the plaintiff had contributed to the purchase of the land, and that the defendant had driven her off, claiming the land to be solely his own, he ought at least to repay the amount of her contribution.   Common justice imposed this upon him as a duty, and he could not enjoy the estate and at the same time refuse to pay for it.   It is not clear whether the defendant was a minor at the time of the purchase or not, but provided he was, still he must pay, for, after coming of age, he has continued to hold the property and treat it as his own, and denied all claim of the plaintiff to the same, and this amounts to a ratification of the implied promise to repay the amount of his mother's contribution.   When a minor purchases land, he must make his election within a reasonable time after reaching his majority whether he will keep the land, and pay for it, or disaffirm the contract and return the land.   He cannot keep the estate and refuse to pay the consideration money.   In this case the defendant has made his election, and the jury should find a verdict in favor of the plaintiff for whatever sum, if any, she has paid towards the land.

The jury after a long absence rendered a verdict in favor of plaintiff for $25.   Three jurors dissented, stating that in their opinion, the plaintiff was entitled to the full amount claimed, $270.

Mr. Harris and Mr. Davis for plaintiff.

Mr. Marsh and Mr. Humphreys for defendant.

---

## IN EQUITY.—APRIL, 1856.

## J. R. WILLIAMS and KAAIKAULA WILLIAMS, Administrators of the Estate of J. W. Opunui, *vs.* KAEA.

A conveyance of real estate by the intestate to defendant, in payment of a claim for labor and services, the consideration appearing to be far below the actual value of the property, was treated by the court as a mortgage, and the defendant ordered to re-convey to the administrators on being paid the amount of his claim with interest.

CHIEF JUSTICE LEE delivered his decision as follows:

The complainants, who are the administrators upon the estate of

the late J. W. Opunui, of Ewa, set forth in their Bill, that in the month of March, 1852, the said J. W. Opunui, being in embarrassed circumstances, made a collusive conveyance of two pieces of land to the defendant, without consideration, for the purpose of defrauding the creditors of the said Opunui; and pray the court to set aside the conveyance and decree the defendant to account for the rents and profits of the land, for the benefit of Opunui's estate.

The defendant, in his answer, traverses the complainant's allegation of collusion and fraud, and states that the land was conveyed to him by Opunui, in satisfaction of a debt of two hundred dollars, due to the defendant for labor and services rendered by him in the building and plastering of an adobe house.

Evidence has been given tending to show that Opunui, who was tax collector of the district of Ewa, became involved in difficulty with the government about his accounts, and that to prevent his property from being seized, he conveyed certain portions of it to third parties in trust. Some evidence has also been adduced of declarations, made by both Opunui and the defendant, that the land in question was transferred with intent to prevent its being seized. Several of the witnesses also testified that the price for which the land is said to have been conveyed to the defendant, is not more than one fourth or one fifth of its real value.

The defendant produces a written agreement, between Opunui and himself, dated 21st October, 1851, for the building and plastering of an adobe house, for which defendant was to be paid $200, on the completion of the work. Also, a document dated 5th January, 1852, signed by Opunui, in which he states that he had granted and conveyed the land to defendant, in payment of the $200; and, lastly, a warranty deed of the land from Opunui and wife, dated 19th March, 1852, the consideration mentioned in which is $200. Evidence was also introduced in proof of the defendant's having worked more or less on the house, although to what extent, does not appear very clear.

Upon a full consideration of the whole case, I am of the opinion, that the complainants have failed to prove that the conveyance of the land, by Opunui to the defendant, was without consideration, collusive and fraudulent, and effected for the purpose of evading the claims of creditors; but the circumstances of the case are such as induce me to regard the conveyance as being in the nature of a mortage, made with a view to secure the payment of the amount due from Opunui to the defendant.

If the property was, in fact, worth a much larger sum than Opunui's debt to the defendant, it would be neither just nor equitable to allow the latter to retain the land conveyed to him while the former was embarrassed, and thus reduce the assets of his estate so as to bring it to the verge of insolvency. All that the defendant had a right to expect was payment of his claim, and not that he should be allowed to make a profit, at the expense of creditors and other parties interested in Opunui's estate.

And, it appearing by the defendant's own statement, that he has made no improvements on the property in question, I think ample justice will be done to both parties, by decreeing that, if the complainants shall, within a reasonable time, say thirty days, tender to

the defendant the amount due to him by Opunui, that is to say $200, together with legal interest from the 19th of March, 1852, then, the defendant shall re-convey the land to them for the benefit of the estate,

Let decree be entered accordingly, and costs be equally divided between both parties.

Mr. Hinton for complainants.

Mr. Makalena for defendant.